IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    v.                          Crim. Action No.: 1:22-CR-78
                                      (Judge Kleeh)

**MICHAEL J. CARTER,**

    Defendant.

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

The Court enters this Memorandum Opinion and Order pursuant to Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure.

### I. BACKGROUND

On November 1, 2022, a Federal Grand Jury sitting in Clarksburg, West Virginia, returned an Indictment against Defendant Michael J. Carter ("Carter"), naming him in Eleven Counts of Transmitting Threatening Communication in Interstate Commerce in violation of 18 U.S.C. § 875(c). ECF No. 1. Carter pleaded guilty to Count Six of the Indictment on January 19, 2023, with the benefit of a written plea agreement. ECF No. 24.

On May 22, 2023, the parties convened at the Clarksburg, West Virginia, point of holding court for Carter's sentencing hearing. According to the Presentence Investigation Report ("PSR"), which the Court accepted without change and ordered filed under seal, Carter's base offense level for Count Six pursuant to U.S.S.G. §

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

2A6.1 was 12. ECF No. 35. Carter gained two additional levels because the offense involved more than two threats. U.S.S.G. § 2A6.1(b)(2)(A). Carter was subject to the chapter four enhancement pursuant to U.S.S.G. § 4B1.1(b)(6), making his offense level 17.

Carter, by counsel, filed one objection to the PSR and the Government responded. Carter objected to the chapter four enhancement under U.S.S.G. § 4B1.1(b)(6). Specifically, Carter, by counsel objected on grounds that the "offense fails to meet the 'crime of violence' definition[,] . . . is not a 'forcible sex offense[,] and is more akin to statutory rape." ECF No. 35. The question before the Court is whether Carter's prior felony conviction of Sex Offense in the Third Degree, in violation of Maryland Code § 3-307, constitutes a "forcible sex offense," such that it counts as a "crime of violence" under U.S.S.G. § 4B1.2(a).

The Office of Probation requested the Court resolve the objection at sentencing, pursuant to U.S.S.G. § 6A1.3. For the reasons discussed herein, the Court overrules Carter's objection to the PSR and finds that he is a career offender under the United States Sentencing Guidelines because Carter's 2011 felony conviction of Sex Offense in the Third Degree, in violation of Maryland Code § 3-307, is a "forcible sex offense," and therefore qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a).

**Michael J. Carter** 1:22cr78

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

## II. DISCUSSION

### a. Career Offender Enhancement of the United States Sentencing Guidelines

To render a decision, the Court first looks to the applicable United States Sentencing Guidelines. Under the guidelines, to be designated a career offender, (1) the defendant must have been

> at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Offense level 17 applies to an offense statutory maximum of 5 years of more, but less than 10 years. U.S.S.G. § 4B1.1(b)(6).

> § 4B1.2 defines "crime of violence": this term
>
> > means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, **a forcible sex offense**, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a)(2) (emphasis added). The Commentary describes a "forcible sex offense" as one

Case 1:22-cr-00078-TSK-MJA   Document 36   Filed 06/28/23   Page 4 of 10   PageID #: 186

**Michael J. Carter**                                                                                    **1:22cr78**

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6)
BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS
"CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

>      where consent to the conduct is not given or
>      is not legally valid, such as where consent to
>      the conduct is involuntary, incompetent, or
>      coerced. The offenses of sexual abuse of a
>      minor and statutory rape are included only if
>      the sexual abuse of a minor or statutory rape
>      was (A) an offense described in 18 U.S.C. §
>      2241(c) or (B) an offense under state law that
>      would have been an offense under section
>      2241(c) if the offense had occurred within the
>      special maritime and territorial jurisdiction
>      of the United States.

U.S.S.G. § 4B1.2, cmt. n.1.

### b. Modified Categorical Approach

Next, following United States v. Alfaro, 835 F.3d 470 (4th Cir. 2016), the Court will apply the modified categorical approach to determine the offense of conviction and whether the conviction constitutes a "forcible sex offense" under U.S.S.G. § 4B1.2(a)(2). See also Mathis v. United States, 579 U.S. 500 (2016); Cucalon v. Barr, 958 F.3d 245, 251–53 (4th Cir. 2020).

The modified categorical approach applies to the underlying offense statute "only when the statute is divisible, that is, the statute lists multiple elements in the alternative, and at least one of the resulting crimes is a categorical match to the federal definition." Cucalon, 958 F.3d at 250 (citing Mathis, 579 U.S. 500 (2016)). The Fourth Circuit has previously concluded that Md. Code § 3-307 is divisible, requiring application of the modified categorical approach. Alfaro, 835 F.3d at 473.

**Michael J. Carter**                                                                             **1:22cr78**

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

In United States v. Alfaro, 835 F.3d 470 (4th Cir. 2016), a three-judge panel on the United States Court of Appeals for the Fourth Circuit affirmed a criminal sentencing of the defendant, Osmin Alfaro ("Alfaro") for his federal convictions of Failing to Register as a Sex Offender in violation of 18 U.S.C. § 2250, and Illegal Re-entry in violation of 8 U.S.C. § 1326. Alfaro, 835 F.3d at 471. At sentencing, the district court relied upon one prior "crime of violence" qualifying Alfaro as a career offender under the United States Sentencing Guidelines: Third Degree Sexual Offense in violation of Maryland Code § 3-307 (2002). Id. at 471.

Because § 3-307 – the same statute of conviction applicable to Carter - was a divisible one, the Court applied the modified categorical approach to determine "whether the full range of conduct covered by the statutory language, including the most innocent conduct proscribed by the statute, qualifies as a predicate offense." Id. at 473 (citation and quotation marks omitted). The Fourth Circuit concluded that Third Degree Sexual Offense criminalized by Maryland Code § 3-307 qualifies as a "forcible sex offense" because "the least culpable version of the crime defined under § 3-307(a)(1)-sexual contact while aided or abetted by another-categorically qualifies as a 'forcible sex

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

offense' and thus a 'crime of violence' under U.S.S.G. § 2L1.2." Id. at 478.[1]

The Court concludes the same result here. But first, a necessary step in the modified categorical approach is reviewing the Shepard documents to determine the applicable underlying conviction of Carter under Md. Code § 3-307. Shepard v. United States, 544 U.S. 13, 16 (2005). "[Shepard] documents include the charging document, the plea agreement or the transcript of the plea colloquy, and any jury instructions given." Cucalon, 958 F.3d at 250 (citing Shepard, 544 U.S. at 16). For the Court's review, Carter attached the application for statement of charges from the Montgomery County, Rockville, Maryland case. ECF No. 35. Therein, the offense charged was Sex Offense Third Degree, Md. Code Ann. § 3-307. Id. The offense was described and the ages were disclosed: at the time of the offense, the victim was 15 years of age, and Carter was over 21 years of age. Id. The offense description states Carter "asked for a condom and [the victim] told him she didn't have and didn't intend to have vaginal intercourse, as she was a virgin. [Carter] laid the victim onto the bed, pulled down her

---

[1] Sections 2L1.2 and 4B1.2 share the same definition of "forcible sex offense."

Case 1:22-cr-00078-TSK-MJA   Document 36   Filed 06/28/23   Page 7 of 10   PageID #: 189

**Michael J. Carter** 1:22cr78

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6)
BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS
"CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

pants and had intercourse with [her]." Id. In line with Carter's admission, the offense is statutory rape.

Having determined the offense of conviction, the Court next decides whether Carter's conviction is a "forcible sex offense" contemplated by U.S.S.G. § 4B1.2(a)(2) and as defined in Application Note 1 of the Commentary. Third Degree Sexual Offense "categorically qualifies as a 'forcible sex offense' and thus a 'crime of violence.'" Alfaro, 835 F.3d at 478. Importantly, the Court decides this question in the affirmative because statutory rape proscribed by Md. Code § 3-307 "would have been an offense under section 2241(c) if the offense had occurred within the special maritime and territorial jurisdiction of the United States." U.S.S.G. § 4B1.2, cmt. n.1.

18 U.S.C. § 2241(c) states, in relevant part:

> Whoever . . . in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

**Michael J. Carter**                                                                 **1:22cr78**

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6)
BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS
"CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

Carter was at least 21 years old and his victim was 15 years old at the time of the offense conduct. Therefore, section 2241(c) applies if the offense conduct is described in subsection (a):

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly causes another person to engage in a sexual act—#(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a). Carter's offense conduct resulting in a conviction for sex offense, third degree, is described in § 2241(c) and subsection (a); therefore, it falls under "forcible sex offense" in U.S.S.G. § 4B1.2(a)(2). Carter knowingly caused the 15-year old victim to engage in a sexual act while using force. Carter obtained a condom after the victim told him she did not intend to have intercourse with him. Carter had intercourse with the victim, without her consent, and against her will. It is indisputable that "a sex offense is forcible if it is not consensual." Alfaro, 835 F.3d at 478 (cleaned up). Consent was not given by the victim, and Carter did not dispute this in the statement of charges. See ECF No. 35, PSR Objections ("Carter corroborated that [the victim] told him she was a virgin and didn't

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

want to have intercourse."). Therefore, if Carter had committed the offense "in the special maritime and territorial jurisdiction of the United States," the offense would qualify as a federal offense under 18 U.S.C. § 2241(c), is a "forcible sex offense" under U.S.S.G. § 4B1.2(a)(2) and therefore a "crime of violence" under U.S.S.G. § 4B1.1(a).

### III. CONCLUSION

Carter's objection is overruled and the career offender enhancement under chapter four applies to the offense of conviction. U.S.S.G. § 4B1.1(b)(6). Carter's felony conviction of Sex Offense in the Third Degree, in violation of Maryland Code § 3-307, is a "forcible sex offense" because the offense description is conduct proscribed by 18 U.S.C. § 2241(c), absent the jurisdictional element; therefore, the § 3-307 conviction qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). Because Carter was at least 18 years old at the time of the instant offense, the conviction is a felony crime of violence, and he had two prior felony convictions of crimes of violence, Carter is considered a career offender under the United States Sentencing Guidelines.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER APPLYING U.S.S.G. § 4B1.1(b)(6) BECAUSE DEFENDANT'S PRIOR FELONY CONVICTIONS QUALIFY AS "CRIMES OF VIOLENCE" UNDER U.S.S.G. § 4B1.1(a)**

The Clerk is directed to transmit copies of this Order to counsel of record, the Office of Probation, and all appropriate agencies.

**DATED**: June 28, 2023

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA